NOS. 12-03-00040-CR


 12-03-00041-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


LESTER JOE PERRY,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS

 

MEMORANDUM OPINION


 Lester Joe Perry ("Appellant") appeals his convictions for attempted capital murder and
assault on a public servant, for which he was sentenced to imprisonment for two life terms plus fifty
years. Appellant raises one issue on appeal. We affirm.


Background

 On November 16, 2001, Appellant was shot four times after he allegedly pointed a gun in
the direction of police officers. Appellant was charged with two counts of attempted capital murder
and one count of assault on a public servant. (1) Appellant pleaded "not guilty" and the matter
proceeded to jury trial. During the course of trial, Texas Rule of Evidence 614 was invoked and in
accordance therewith, the witnesses were admonished. During the examination of its first witness,
Michael Cavil ("Cavil"), the State produced a schematic exhibit that set forth a map of certain city
streets where Appellant had allegedly shot at officers. The map was admitted as "exhibit 1."

 After exhibit 1 was admitted, the prosecuting attorney drew a small green square on the
exhibit in order to show the jury where Cavil's mother-in-law's house was located. Appellant did
not object to the prosecuting attorney's alteration to the exhibit. Next, the prosecuting attorney drew
a small green "x" and wrote the word "Cavil" next to it to show the jury Cavil's location at the time
in question. Appellant made no objection. The prosecuting attorney then wrote, in brown ink, the
word "church" to show approximately where the church on Powers Street is located. Again,
Appellant did not object. Appellant cross-examined Cavil and, in so doing, utilized exhibit 1. 
Responding to Appellant's cross-examination, Cavil referred to one of the marks made on exhibit
1.

 The State next called Officer William Kennedy ("Kennedy"). While examining Kennedy,
the prosecuting attorney drew a small blue "K" on exhibit 1 to show the jury where Kennedy initially
parked his patrol car when he reached the scene. Appellant did not object. The prosecuting attorney
next drew a small black circle on the exhibit to show where police cars had been positioned, as well
as a black line to show the area where police officers had parked their cars in order to set up a
perimeter. Appellant made no objection to either of these markings at this time. The prosecuting
attorney next drew a red line with a "D" at the base on the exhibit to show the route that Appellant
took in his car to elude Kennedy. Appellant did not object to this marking. The prosecuting attorney
then marked the exhibit with a blue "K" and "pos #2" to show on the map the final position of
Kennedy's patrol car when Appellant was apprehended. Appellant offered no objection. Appellant
cross-examined Kennedy and, in so doing, again utilized exhibit 1.

 Before the State called its next witness, Appellant objected to the markings on exhibit 1
outside the presence of the jury and argued that the markings violated Rule 614. Appellant further
requested that the trial court allow him to conduct a voir dire examination of Kennedy with regard
to his knowledge of the exhibit. The trial court denied Appellant's request to conduct a voir dire
examination of Kennedy, but did not expressly rule on Appellant's objection to the markings as
violating Rule 614. However, the court readmitted the exhibit (2) with the markings prior to the
examination of the next witness.

 The State next called Lieutenant Timothy Goerner ("Goerner") to testify. While examining
Goerner, the prosecuting attorney marked exhibit 1 with a blue "x" to show the approximate location
where Goerner activated his emergency lights during his pursuit of Appellant. Appellant made no
objections.

 The State utilized exhibit 1 during its subsequent examination of Officer Daniel Johnson
("Johnson") and Officer Robert Killingsworth ("Killingsworth"). Appellant relied on exhibit 1
during his cross-examination of Killingsworth. Ultimately, Appellant was found guilty and
sentenced to imprisonment for two life terms plus fifty years.


Preservation of Error

 In his sole issue, Appellant contends that the trial court abused its discretion by allowing
exhibit 1 to remain in full view of all witnesses with the prosecuting attorney's markings intact. (3) To
preserve error, a defendant must lodge a timely and specific objection. See Martinez v. State, 22
S.W.3d 504, 507 (Tex. Crim. App. 2000); see also Tex. R. App. P. 33.1(a). For the objection to be
considered timely, it must be lodged at the earliest opportunity or as soon as the ground for the
objection becomes apparent. See Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).
Failure to object in such a timely fashion "signals a willingness to allow the evidence despite its
objectionable nature." Id. at 754. When an accused fails to timely object, the State is entitled to rely
on that apparent willingness as it proceeds to marshal the remainder of its evidence in presenting its
case to the fact finder. Id. In essence, what is at work is a kind of estoppel notion: an accused will
not be heard retroactively to complain of admission of evidence he was apparently content to have
admitted at the time. Id.

 In the case at hand, the record reflects that, during Cavil's examination, the prosecuting
attorney made three markings on the exhibit. Appellant did not object to any of these markings. In
fact, Appellant utilized the exhibit during his cross-examination of Cavil, who, in his testimony,
referred to one of the marks made on the exhibit. Most germane to Appellant's argument on appeal -
that the marks on exhibit 1 conveyed to subsequent witnesses the testimony of preceding witnesses -
is the testimony of Kennedy. If, as Appellant argues, the marks on exhibit 1 did, in fact, convey to
subsequent witnesses the testimony of preceding witnesses, the ground, if any, for Appellant's
objection should have been apparent when Kennedy took the stand in the presence of exhibit as
altered by the prosecuting attorney. Appellant not only failed to object when Kennedy took the
stand, but he also failed to object to the five subsequent markings made by the prosecuting attorney
during his examination of Kennedy. Further still, Appellant utilized exhibit 1 in his cross-examination of Kennedy. We conclude that Appellant's objection to exhibit 1, as it was modified
by the prosecuting attorney, made after the exhibit was utilized by both parties and multiple
witnesses was not timely. Therefore, we hold that Appellant failed to preserve the error, if any, of
which he now complains. See Tex. R. App. P. 33.1(a). Appellant's sole issue is overruled.


Conclusion

 Having overruled Appellant's sole issue, we affirm the judgment of the trial court.




 SAM GRIFFITH 

 Justice



Opinion delivered October 22, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.










(DO NOT PUBLISH)
1. Appellant's charge for assault on a public servant stems from a separate set of facts that occurred on
March 4, 2001.
2. On direct examination, Kennedy testified that the scene was a fair and accurate representation of the scene
as it appeared on the night in question and that the markings enhanced the exhibit and enabled the jury to better
understand Kennedy's testimony as well as the testimony of others. 
3. Appellant does not make any argument that the trial court erred by readmitting exhibit 1 with the markings
intact.