**Romey Lynn POLK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 969–85.**

Court of Criminal Appeals of Texas, En Banc.

May 6, 1987.

John H. Hagler, Dallas, for appellant.

Henry Wade, Dist. Atty., and Constance M. Maher and Ruth Plagenhoef, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of burglary of a habitation with intent to commit theft, V.T.

C.A. Penal Code, § 30.02(a)(3), in Cause No. F–83–A9024–L on December 14, 1983. He was sentenced to six years imprisonment. Pursuant to a plea bargain, imposition of sentence was suspended and appellant was placed on six years probation. Article 42.-12, V.A.C.C.P. As conditions of probation, appellant was required to, *inter alia,* "[p]ay a probation fee of $25.00 per month," (condition "J") and "[m]ake restitution [of specified amount] for the loss sustained by the injured party" in monthly installments (condition "K").

On March 22, 1984, the State filed a motion to revoke appellant's probation alleging that he violated conditions J and K by failing to pay supervisory fees and restitution installments for January and February of 1984. After hearing evidence from the State and appellant, the trial court entered findings of "true" upon these allegations and revoked appellant's probation.[1]

At the hearing on the motion to revoke, the State introduced copies of, *inter alia,* the felony information, waiver of indictment and jury, judgment and sentence, order suspending execution of sentence and placing appellant on probation, and the terms and conditions of probation in Cause No. F83–A9024–L. It then elicited testimony from Joe Woodward, supervisor to appellant's probation officer, and custodian of records for the pertinent Dallas County probation office. Woodward testified to the complete factual predicate necessary for admission of appellant's probation file as a business record. See Article 3737e, V.A.C.S. Inexplicably, however, that busi-

---

1. Appellant's revocation hearing was consolidated with a prosecution for the offense of theft over $750.00, in cause number F84–91339–RL. Afterwards, the trial court also found "true" an allegation in the motion to revoke that appellant had violated a condition of his probation in having violated the laws of the State of Texas. However, the court of appeals found the State failed to present evidence that the grand jury exercised due diligence in obtaining the identity of the "unknown" person from whom appellant allegedly received the stolen property, and therefore found the evidence insufficient to support the conviction for theft, citing *Payne v. State,* 487 S.W.2d 71 (Tex.Cr.App.1972). That holding is presently pending before this Court on State's petition for discretionary review, in

our cause number 1043–85. The court of appeals apparently assumed, without expressly deciding, that the evidence was insufficient to support the finding of "true" to the theft allegation in the motion to revoke as well, for no allusion to that allegation appears in its analysis of the sufficiency of the evidence to support the revocation order. We only point out in this context that an acquittal in a criminal prosecution will not necessarily mandate a finding of "not true" to a motion to revoke alleging commission of the identical offense, since the standard of proof in a revocation proceeding is proof by a preponderance, rather than beyond a reasonable doubt, as in a criminal trial. E.g., *Lloyd v. State,* 574 S.W.2d 159 (Tex.Cr.App.1978).

ness record was never offered and received in evidence.

Instead the State attempted to prove violation of conditions J and K of appellant's probation via testimony from Woodward as to the contents of that business record, though it is clear he was not appellant's particular probation officer, and thus had no firsthand knowledge of what it contained.

As his sole ground of error on appeal, appellant complained that the evidence, absent Woodward's hearsay testimony, was insufficient to support the court's revocation order. The court of appeals rejected this argument, holding instead that appellant failed to timely object to a portion of the hearsay testimony, that this "unobjected-to" hearsay was to be given probative value in an appellate review of evidentiary sufficiency, and that that testimony therefore provided an adequate basis to support the revocation order. *Polk v. State*, 695 S.W.2d 720 (Tex.App.—Dallas, 1985). In his petition for discretionary review appellant now argues the court of appeals erred in finding he did not timely object to Woodward's testimony, and reiterates his claim that the evidence is therefore insufficient to support the revocation of his probation. We construe this to be a claim that the trial court abused its discretion in revoking his probation solely on the basis of objected to hearsay evidence. See *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex.Cr.App.1979); *Naquin v. State*, 607 S.W.2d 583, 586 (Tex.Cr.App.1980).

After testifying to the factual predicate which would have established admissibility of appellant's (nevertheless unadmitted) probation file as a business record, Woodward continued as follows:

"Q [Prosecutor] ... [H]ave you been in a supervisory capacity over the defendant during his probation?

A No, I haven't.

Q ... [H]as the defendant lived up to all of the conditions of his probation?

A No, he hasn't.

[Defense counsel] Objection, Your Honor, that's a decision for the Court to make.

THE COURT: Well, I'll let him answer, with the understanding that it is not binding on the Court, and I take it to mean whether or not his testimony would be whether or not he has met the conditions of probation. Overrule that objection.

Q [Prosecutor] Has Mr.—in accordance with your records which you brought with you today, has Romey Lynn Polk violated Condition J of his probation?

A No, he hasn't. Well, he has violated it. He hasn't followed that condition.

Q Excuse me?

A He has violated that condition, yes."

"Q All right. How has he violated Condition J?

A According to our records, and not only do I have chronological records which are kept as business records, I have our financial statement that I took off the computer which is an accounting of all payments that would have been made or have been made by any of our probationers, and I ran that this morning—

[Defense counsel] Objection, Your Honor. I would state that the answer would be hearsay and that the proper predicate has not been laid for the introduction of such evidence.

THE COURT: Have you offered those records?

I'll sustain the objection. Clarify what your question is directed to ...

[Defense counsel] Excuse me, Your Honor?

THE COURT: I said I sustain the objection. I'm sorry, I may not have been clear.

Re-ask your question, Ms. [prosecutor], and see if I understood your question and Mr. Woodward's answer to it.

Q *[Prosecutor] Mr. Woodward, has the defendant violated Conditions J and K of his probation?*

A *Yes.*

Q All right. And how has he violated Conditions J and K of his probation?

[Defense counsel] I would object again, Your Honor. The answer calls for hearsay, and the proper predicate has not been laid.

THE COURT: Well, maybe I wasn't listening. Has he testified what he bases his opinion on? Maybe that's what I missed.

[Prosecutor] All right.

THE COURT: Answer the question. It's in front of the Court. I'll overrule the objection at this time.

THE WITNESS: I am basing my information, my opinion on the business records of the probation department. And according to those records, he has not paid probation fees nor has he paid restitution.

[Defense counsel] I would again object, Your Honor, on the grounds that the answer calls for hearsay.

THE COURT: I'll overrule that ... at this time.

Q [Prosecutor] All right. Mr. Woodward, you stated that he has not paid probation fees nor has he paid restitution for what months?

A Specifically, we have alleged the months of January and February of 1984.

Q Are those the months that he has not paid restitution or probation fees?

A Both.

Q January and February?

A Yes."

The State then passed the witness, appellant waived cross-examination and the State rested.

■ In finding the appellant failed to object to Woodward's hearsay testimony, the court of appeals focused on the underscored question and answer above. We find this focus to be somewhat enigmatic in view of the fact that at this point in the testimony the prosecutor was restating his questions for the benefit and at the express request of the trial court. Nevertheless it is true that counsel did not *immediately* object to this specific question and answer, but instead, for the second time during this colloquy, he waited to object until after the prosecutor asked Woodward *how* appellant had violated conditions of his probation. Strictly speaking, then, it was to testimony relating to the *manner* in which appellant had violated those conditions that counsel twice objected on the basis of hearsay, rather than to testimony as to *whether* he did. Counsel should have been alerted to the hearsay character of Woodward's knowledge regarding *whether* appellant had violated conditions of probation by the prosecutor's initial inquiry, *viz:* "... in accordance with your records which you brought with you today, has [appellant] violated Condition J of his probation?" By separating the import of the prosecutor's questions in this way, the court of appeals was able to invoke the oft stated rule that "[a]n objection must be made at the first opportunity to be considered timely[,]" to hold in effect that evidence of the fact that appellant had in *some* manner violated conditions J and K of his probation was admitted without objection. The court of appeals then held the unobjected to hearsay to be sufficient to support the order of revocation.[2]

---

**2.** As Justice Akin recognized in his concurring opinion, 695 S.W.2d at 724, hearsay testimony admitted without objection at a probation revocation hearing has probative value and may constitute sufficient evidence in support of an order revoking probation. *Frazier v. State,* 600 S.W.2d 271, 274 (Tex.Cr.App.1980) (Opinion on State's motion for rehearing). Indeed, this Court recently determined that unobjected to hearsay has probative value in the broader context of a criminal prosecution. *Chambers v. State,* 711 S.W.2d 240 (Tex.Cr.App.1986).

However, the majority of the court of appeals *did not* rely upon *Frazier* to reach this conclusion. Instead, it held that Rule 802 of the Texas Rules of Evidence, providing that "[i]nadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay," is made applicable to criminal trials by Article 38.02, V.A.C.C.P., and on that basis held:

"... the last sentence of TEX. R. EVID. [Rule] 802 changes the long standing rule in criminal cases that hearsay evidence, even admitted without objection, constitutes no evidence, is without probative force, and cannot be used in determining the sufficiency of the evidence. Therefore, under rule 802, Woodward's testimony may not be denied probative value."

In our judgment the court of appeals has been too niggardly in its application of the contemporaneous objection rule to the circumstances of this particular case.

It has long been the rule that in order to preserve error on appeal by way of an objection alone, the objection must come *before* the tangible evidence which is clearly objectionable is admitted, or the question manifestly calling for objectionable testimony is answered in front of the factfinder.[3] Hence we say that to be timely an objection must be lodged "at the earliest opportunity," or "as soon as the ground of objection becomes apparent." E.g., respectively, *Cooper v. State,* 500 S.W.2d 837, 841 (Tex.Cr.App.1973) and *Sierra v. State,* 482 S.W.2d 259, 263 (Tex.Cr.App.1972); see also cases compiled at 15 Tex.Dig.2d Crimi-

nal Law, Key no. 693. The rationale underlying the rule, so far as we have been able to discern, is twofold.

First, "it allows the correction of trial-type errors at the time rather than requiring a new trial when counsel fails to bring errors to the state's attention until it is too late." *St. John v. Estelle,* 544 F.2d 894, 895, adopted 563 F.2d 168 (CA5 1977). When objection could have been made to inadmissible evidence, the effect of which would remain indelibly impressed upon the minds of the jurors, the onus is on the accused to object, if he can, before the evidence is admitted. He cannot predicate a motion for mistrial upon what by diligence he could have kept out. Moreover, to say that evidence is "inadmissible" ordi-

---

Given this Court's decision in *Frazier,* almost five years before the court of appeals considered this case, we agree with Justice Akin that it was not necessary to address "the question of whether the Texas Rules of Evidence ... apply to criminal cases generally." For this reason, we decline to put our imprimatur on the court of appeals' holding in this regard.

3. A different issue arises when such a question is answered without objection but counsel subsequently moves to have the jury instructed to disregard the answer. It has been said that "[t]he well established law of this State has long been that after a question is asked and answered by a witness without objection, with no claim that there was any misunderstanding, or without any reason shown for not objecting before the answer was given, the refusal of the trial court to withdraw the answer from the jury or instruct the jury not to consider the answer is not error. E.g., *Wilson v. State,* 87 Tex.Cr.R. 538, 223 S.W. 217 (1920); *Renfro v. State,* 156 Tex.Cr.R. 400, 242 S.W.2d 772 (1951)." *Girndt v. State,* 623 S.W.2d 930, 934–35 (Tex.Cr.App. 1981); see also *Bell v. State,* 160 Tex.Cr.R. 538, 272 S.W.2d 888 (1954). On the other hand, it has been found to be "the rule long established in this State that, where an accused allows a witness to answer a question without objection and assigns no valid reason for his delay, it then becomes his duty to move the court to withdraw the objectionable question and answer from the jury's consideration in order to preserve the error, if any. [A host of citations follow.]" *Pruitt v. State,* 164 Tex.Cr.R. 340, 299 S.W.2d 148, 149 (1957). See also *Lawson v. State,* 148 Tex.Cr.R. 140, 185 S.W.2d 439 (1945). The apparently peaceful coexistence of these two time honored rules is a small mystery. That mystery is compounded when *Clay v. State,* 78 Tex.Cr.R. 141, 180 S.W. 277 (1915) is considered. Clay was prosecuted for murder and he asserted self-

defense. The State's chief witness, Jones, testified to facts consistent with the conclusion Clay provoked the difficulty. Although Jones had not been impeached in any manner, the State presented evidence of his good reputation for truth and veracity. Clay did not object, nor did he request that the reputation testimony be withdrawn at any time during presentation of the evidence. He did request, however, that in its charge to the jury the trial court instruct that the reputation testimony be disregarded. In holding the trial court reversibly erred in refusing the instruction, Judge Davidson observed for a unanimous Court:

"It is sometimes a close question as to the withdrawal of testimony illegally admitted, but whenever that testimony is illegal and material, or is calculated to affect the trial of the case injuriously to defendant, then the testimony, although withdrawn, cannot cure the error. But here the court positively refused to withdraw it. It is sometimes also a close question with reference to the withdrawal of testimony at the stage of the trial when the motion is made, but whatever that may be, or whenever it may occur, if the testimony is illegal and material, or likely to have a material bearing upon the case, it may be withdrawn, and it is error not to withdraw it, even when requested in a charge.... The authorities will be found collated in Mr. Branch's valuable work on Criminal Law, § 323. Some of these cases may be said to be exactly as this case, that is, the first objection was made to the introduction of illegal testimony in requested instructions withdrawing such testimony from the consideration of the jury. That practice has been sustained by this court, so far as the writer is aware, in all its history, provided, of course, the testimony is of such a nature as would be hurtful."

narily means that it is subject to exclusion upon objection; in short, that it is objectionable. Failure to level an obvious and valid objection at the time evidence is tendered signals a willingness to allow the evidence despite its objectionable nature. When an accused fails timely to object to proffered evidence, the State is entitled to rely on that apparent willingness as it proceeds to marshall the remainder of its evidence in presenting its case to the factfinder. In essence, what is at work is a kind of estoppel notion: an accused will not be heard retroactively to complain of admission of evidence he was apparently content to have admitted at the time.

A second stated rationale for the rule is that it prevents counsel from gambling that the answer to a question calling for objectionable matter will be favorable, and then objecting when it proves not to be. C. McCormick, Handbook of the Law of Evidence, § 52 (3d ed. 1984) at 126–27; *Girndt v. State*, 623 S.W.2d 930, 934 (Tex.Cr.App. 1981); *Reagan v. Brock*, 628 F.2d 721 (CA1 1980). This latter rationale perhaps better justifies the very stringent application of the rule that may be found in some older opinions of this Court. See, e.g., *Stone v. State*, 89 Tex.Cr.R. 416, 232 S.W. 818 (1921); *Johnson v. State*, 90 Tex.Cr.R. 229, 234 S.W. 891 (1921). In other contexts, including that of *Girndt* itself, it is more difficult to recognize in what way this particular concern is vindicated by such strict application. See, e.g., *Stone v. State*, 583

S.W.2d 410, 413–14 (Tex.Cr.App.1979); *Rodriguez v. State*, 577 S.W.2d 491, 493 (Tex.Cr.App.1979); *Ford v. State*, 500 S.W.2d 827, 828–29 (Tex.Cr.App.1973) *Compton v. State*, 500 S.W.2d 131, 134 (Tex.Cr.App.1973).

Neither of these rationales compels a finding in the instant case that objection to the question *how* appellant violated conditions of probation came too late also to embrace the immediately preceding question *whether* appellant had violated those conditions.

Turning to the first rationale, we observe that in this as in all revocation proceedings, the trial court sat in the capacity of both judge and factfinder. Traditionally, appellate courts have paid great deference to the ability of trial courts acting in this dual capacity consciously to separate its two functions, and thus, consciously to discount in its role as factfinder what in its role as arbiter of the law it has determined cannot be considered in evidence. Hence, for example, came the rule that in a proceeding before the court it will be presumed, even in the face of a valid objection that is overruled, that the court ignored objectionable or incompetent evidence in its deliberations, so long as other evidence, properly admitted or not challenged, is sufficient to support its judgment. E.g., *Keen v. State*, 626 S.W.2d 309 (Tex.Cr.App.1981); *Arnold v. State*, 161 Tex.Cr.R. 384, 277 S.W.2d 106 (1955).[4]

---

4. In *Arnold*, 277 S.W.2d at 107, the rule is stated:

> "When a cause is tried before the court and there is nothing to show that the judgment was based upon the inadmissible evidence (such as by findings or conclusions of fact or law) it will be presumed that the trial judge disregarded incompetent evidence admitted at the trial and the judgment will not be reversed on appeal on the ground of the admission of incompetent evidence if sufficient proper evidence was admitted to sustain the judgment. Authorities to this effect in civil cases are collated under Texas Digest, Trial, [Key no.] 379.
> "The rule is applicable in criminal cases. [Citations omitted.]"

By the time *Keen* was decided, the rule applied even when the "incompetent" evidence was objected to and the objection overruled. A little over a month before *Arnold* was decided, how-

ever, the Austin Court of Civil Appeals had written:

> "We concede that such is the rule in cases where inadmissible evidence is received without objection or where the trial judge after receiving inadmissible evidence reverses his ruling or in some other manner indicates that he did not rely on such evidence.
> "We believe, however, that the opposite presumption prevails here and that we must presume that the trial judge did consider such inadmissible evidence. This does not mean that reversal is automatic. The true rule in such cases is that where the issue is close and it is apparent from the record that the evidence improperly admitted might have influenced the judgment the case should be reversed. [Citations omitted.]"

*Wooten v. Clark*, 276 S.W.2d 391, at 393–94 (Tex.Civ.App.—Austin, 1955, no writ). In view of the fact that we borrowed the rule from the

The harm potentially flowing from an accused's failure to object to a question patently calling for objectionable matter until it has already been answered may prove ineradicable from the minds of jurors in a jury trial. It is therefore incumbent that he object, if he can, before the harm is done. If he does not, he will not be heard to complain of the harm on appeal. By contrast, we presume the trial court is not irreparably affected by the receipt of inadmissible evidence, absent a clear showing to the contrary. Indeed, frequently the court will be called upon to hear proffered evidence in order to assess whether it is admissible. Because in making its factual determinations the trial court is accustomed to discounting evidence it has heard and deemed inadmissible, it follows that less diligence need be expected in the timeliness of an objection in a proceeding before the court. So long as the trial court is advised of the objectionable nature of evidence in such a proceeding within a reasonable time after the evidence is received, such that the State could not be said to have begun to rely on the fact the accused appears willing to have the evidence admitted, there is no compelling reason to require that objection be made before receipt of the evidence, even if it could have been.

As for the second rationale for the rule, it is clear in this case at least that appellant did not deliberately withhold his objection on a "gamble" that the answer might prove favorable. For the same reason his objection was arguably late, *viz:* that the first question was prefaced, "in accordance with your records which you brought with you today ...," appellant could not under the circumstances have hoped that an advantageous answer as to *whether* he had violated the conditions of his probation could have derived from the probation records. Far more likely, counsel simply believed that the hearsay nature of the testimony would not be evident until Woodward was asked the specifics of the purported violations, and that therefore objection was only timely upon the question as to the *manner* of the violations. We refuse to sanction

denial of appellant's complaint on appeal for this slight miscalculation in a proceeding before the court.

Instead we hold that appellant's objection was both timely and sufficient to apprise the court that all of Woodward's testimony, both as to whether and by what manner appellant violated conditions of probation, must necessarily constitute hearsay. If appellant's probation was indeed revoked solely on the basis of this objected to hearsay, the trial court abused its discretion.

■ The State asserts, however, that appellant was not revoked for violating conditions J and K alone. In its brief to the court of appeals the State argued the evidence was sufficient to establish by a preponderance of the evidence that appellant also violated condition A of his probation, that he "commit no offense against the laws of this or any other State." Presumably because it held the evidence insufficient to support appellant's conviction for theft in this consolidated trial and revocation proceeding, the court of appeals did not entertain the State's contention. See note 1, *ante.* In its reply brief to appellant's petition the State now reiterates its claim that the evidence at the theft trial was sufficient to establish commission of an offense by a preponderance of the evidence, citing, *inter alia, McDonald v. State,* 608 S.W.2d 192, 199 (Tex.Cr.App. 1980) (Opinion on State's motion for rehearing). See also *Ex parte Tarver,* 725 S.W.2d 195, 197 n. 2 (Tex.Cr.App.1986). Because the court of appeals has not ruled on this assertion, however, there is nothing presently before this Court for review in that regard. *Lambrecht v. State,* 681 S.W.2d 614, 616 (Tex.Cr.App.1984); *Arline v. State,* 721 S.W.2d 348, 353 n. 9 (Tex.Cr. App.1986). Rather than take up the assertion for the first time on petition for discretionary review, we remand the cause to the court of appeals for its express consideration of the State's contention.

civil side, it is ironic that this Court has not also tempered it as the civil courts have. See also

*Yzaguirre v. State,* 427 S.W.2d 687, 693–94 (Tex. Civ.App.—Corpus Christi 1968, no writ).

The judgment of the court of appeals is reversed and the cause remanded to that court for further proceedings not inconsistent with this opinion.

McCORMICK, J., concurs in result.