RALSTON V. STATE 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-082-CR

MICHAEL RALSTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Michael Ralston appeals from his conviction by a jury of the offenses of aggravated sexual assault of a child and indecency with a child.  
See 
Tex. Penal Code Ann.
 § 21.11 (Vernon 2003), ྷ 22.021 (Vernon Supp. 2004-05).  In his sole point, appellant argues that the trial court erred when it admitted evidence that had been obtained as a result of an illegal search.  We affirm.  

Facts

On February 20, 2002, C.H. made an outcry statement to her mother,  C.D., that appellant, who was C.H.’s stepfather, had sexually assaulted her and had taken pictures of her naked.  C.H. also told C.D. that appellant had shown her pictures of naked teenagers.  C.D. reported the molestation to Child Protective Services and to the Fort Worth Police Department.  Because appellant was not living with C.D. and C.H. at the time but was living with his mother in Brownwood, Fort Worth Police contacted Detective Steven Woodward of the Brownwood Police Department to request his assistance in the investigation. 

Detective Woodward visited appellant at his home on April 3, 2002, and appellant agreed to meet Detective Woodward at his office the following day for an interview.  The next day, appellant arrived at Detective Woodward’s office with his mother.  Detective Woodward orally advised appellant of his rights.  In addition, appellant read and signed a form that contained a written statement of his rights.  During the  interview, appellant denied having any inappropriate contact with C.H. and denied taking pictures of C.H. nude.  Appellant did not give a written statement and was allowed to leave. 

About a week later, Detective Woodward arrested appellant.  At the police station, appellant signed a written form giving consent to search his computer hard drive, diskettes, and other recordable computer media.  Police found a number of images on appellant’s hard drive and diskettes, including pictures of C.H. naked in sexual positions, a picture of C.H. being sexually assaulted, and child pornography that appellant had apparently downloaded off the internet.  Moreover, police retrieved a laptop computer that appellant had pawned and found on it additional pictures of C.H.  Appellant was charged with one count of aggravated sexual assault of a child and one count of indecency with a child, and the case went to trial before a jury.  

Trial

At trial, the State, in its opening statement, referred to appellant’s computer equipment that police had seized and to the contents of the photographs that were retrieved from the computer equipment.  In doing so, the State explicitly described the photograph in which C.H. was being sexually assaulted.  The State’s first witness, C.D., testified that she was aware police had seized appellant’s computer equipment.  She also testified that she had identified photographs taken from the equipment.  The State then offered four photographs taken from appellant’s computer equipment.  The first of these photographs showed C.H. sitting fully clothed on a bed.  The second photograph was of appellant fully clothed.  The third photograph showed C.H. lying fully clothed on a bed.  The fourth was of C.H. standing in her underwear.  Appellant took C.D. on voir dire before stating that he had no objection.  The photographs were admitted into evidence. 

Later, the State offered the written form by which appellant consented to the search of his computer equipment.  Appellant took the witness, Detective Woodward, on voir dire.  Appellant then objected, stating:

Judge, I’m going to object on the grounds that the State has failed to comply with the requirements to advise my client of his rights, that this was taken illegally and, therefore, is not admissible in evidence under the federal and state constitutions. 

The trial court overruled appellant’s objection.  Appellant then asked the trial court for a continuing objection, which the trial court granted.  The form was admitted into evidence.  Ultimately, the State introduced all of the photographs retrieved from appellant’s computer equipment.  Each time the State offered a series of photographs, appellant stated that he had no objection.  The jury found appellant guilty of aggravated sexual assault of a child and indecency with a child.  The jury assessed punishment at life imprisonment for the sexual assault count and twenty years’ confinement for the indecency count, the sentences to run concurrently. 

Issue on Appeal
    

Appellant argues that the trial court erred when it admitted evidence that was obtained as a result of an illegal search.  Specifically, appellant complains  about the admission of his computer equipment and the photographs obtained from it.  Appellant argues that the search of his computer was illegal because it was done without a warrant or effective consent.

Preservation of Error

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2).

To preserve error in the admission of evidence, 
an objection must be made as soon as the basis for the objection becomes apparent.  
Tex. R. Evid.
 103(a)(1);
 Lagrone v. State
, 942 S.W.2d 602, 618 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1997); 
Polk v. State
, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  A claim of illegal seizure is preserved by either filing a motion to suppress or objecting when the evidence is offered at trial.  
See Roberts v. State
, 545 S.W.2d 157, 158 (Tex. Crim. App. 1977).  However, an objection must be made “
before
 substantial testimony is given regarding the alleged illegally seized item.”  
Stults v. State
, 23 S.W.3d 198, 205-06 (Tex. App.སྭHouston [14th Dist.] 2000, pet. ref’d).

Here, the State, in its opening statement, spent considerable time discussing the seized computer equipment and the photographs obtained from the equipment.  In doing so, the State explicitly described the photograph showing C.H. being sexually assaulted.  Appellant did not object.  Next, the State called C.D. to testify.  C.D. testified that she was aware police had seized appellant’s computer equipment and that she had identified photographs obtained from the equipment, and still appellant did not object.  Appellant did not object when the State introduced four photographs obtained from his computer equipment.  Appellant waited to object until after the State introduced the form on which he gave his written consent to search his computer equipment.  We hold that appellant’s objection was not timely made. 

Conclusion

Because appellant did not object before substantial testimony was given regarding the alleged illegally seized items, he failed to preserve error for appellate review.  We overrule appellant’s sole point and affirm the judgment of the trial court.     

 
 

PER CURIAM

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 3, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4