COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-082-CR
  
  
MICHAEL 
RALSTON                                                               APPELLANT
 
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Michael Ralston appeals from his conviction by a jury of the offenses of 
aggravated sexual assault of a child and indecency with a child. See Tex. Penal Code Ann. § 21.11 (Vernon 
2003), § 22.021 (Vernon Supp. 2004-05). In his sole point, appellant argues 
that the trial court erred when it admitted evidence that had been obtained as a 
result of an illegal search. We affirm.
Facts
        On 
February 20, 2002, C.H. made an outcry statement to her mother, C.D., that 
appellant, who was C.H.’s stepfather, had sexually assaulted her and had taken 
pictures of her naked. C.H. also told C.D. that appellant had shown her pictures 
of naked teenagers. C.D. reported the molestation to Child Protective Services 
and to the Fort Worth Police Department. Because appellant was not living with 
C.D. and C.H. at the time but was living with his mother in Brownwood, Fort 
Worth Police contacted Detective Steven Woodward of the Brownwood Police 
Department to request his assistance in the investigation.
        Detective 
Woodward visited appellant at his home on April 3, 2002, and appellant agreed to 
meet Detective Woodward at his office the following day for an interview. The 
next day, appellant arrived at Detective Woodward’s office with his mother. 
Detective Woodward orally advised appellant of his rights. In addition, 
appellant read and signed a form that contained a written statement of his 
rights. During the interview, appellant denied having any inappropriate contact 
with C.H. and denied taking pictures of C.H. nude. Appellant did not give a 
written statement and was allowed to leave.
        About 
a week later, Detective Woodward arrested appellant. At the police station, 
appellant signed a written form giving consent to search his computer hard 
drive, diskettes, and other recordable computer media. Police found a number of 
images on appellant’s hard drive and diskettes, including pictures of C.H. 
naked in sexual positions, a picture of C.H. being sexually assaulted, and child 
pornography that appellant had apparently downloaded off the internet. Moreover, 
police retrieved a laptop computer that appellant had pawned and found on it 
additional pictures of C.H. Appellant was charged with one count of aggravated 
sexual assault of a child and one count of indecency with a child, and the case 
went to trial before a jury.
Trial
        At 
trial, the State, in its opening statement, referred to appellant’s computer 
equipment that police had seized and to the contents of the photographs that 
were retrieved from the computer equipment. In doing so, the State explicitly 
described the photograph in which C.H. was being sexually assaulted. The 
State’s first witness, C.D., testified that she was aware police had seized 
appellant’s computer equipment. She also testified that she had identified 
photographs taken from the equipment. The State then offered four photographs 
taken from appellant’s computer equipment. The first of these photographs 
showed C.H. sitting fully clothed on a bed. The second photograph was of 
appellant fully clothed. The third photograph showed C.H. lying fully clothed on 
a bed. The fourth was of C.H. standing in her underwear. Appellant took C.D. on 
voir dire before stating that he had no objection. The photographs were admitted 
into evidence.
        Later, 
the State offered the written form by which appellant consented to the search of 
his computer equipment. Appellant took the witness, Detective Woodward, on voir 
dire. Appellant then objected, stating:
   
Judge, I’m going to object on the grounds that the State has failed to comply 
with the requirements to advise my client of his rights, that this was taken 
illegally and, therefore, is not admissible in evidence under the federal and 
state constitutions.

The 
trial court overruled appellant’s objection. Appellant then asked the trial 
court for a continuing objection, which the trial court granted. The form was 
admitted into evidence. Ultimately, the State introduced all of the photographs 
retrieved from appellant’s computer equipment. Each time the State offered a 
series of photographs, appellant stated that he had no objection. The jury found 
appellant guilty of aggravated sexual assault of a child and indecency with a 
child. The jury assessed punishment at life imprisonment for the sexual assault 
count and twenty years’ confinement for the indecency count, the sentences to 
run concurrently.
Issue on Appeal
        Appellant 
argues that the trial court erred when it admitted evidence that was obtained as 
a result of an illegal search. Specifically, appellant complains about the 
admission of his computer equipment and the photographs obtained from it. 
Appellant argues that the search of his computer was illegal because it was done 
without a warrant or effective consent.
Preservation of Error
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) 
(op. on reh’g), cert. denied, 526 U.S. 1070 (1999). Further, the trial 
court must have ruled on the request, objection, or motion, either expressly or 
implicitly, or the complaining party must have objected to the trial court’s 
refusal to rule. Tex. R. App. P. 
33.1(a)(2).
        To 
preserve error in the admission of evidence, an objection must be made as soon 
as the basis for the objection becomes apparent. Tex. R. Evid. 103(a)(1); Lagrone v. 
State, 942 S.W.2d 602, 618 (Tex. Crim. App.), cert. denied, 522 U.S. 
917 (1997); Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987). A 
claim of illegal seizure is preserved by either filing a motion to suppress or 
objecting when the evidence is offered at trial. See Roberts v. State, 
545 S.W.2d 157, 158 (Tex. Crim. App. 1977). However, an objection must be made 
“before substantial testimony is given regarding the alleged illegally 
seized item.” Stults v. State, 23 S.W.3d 198, 205-06 (Tex. 
App.—Houston [14th Dist.] 2000, pet. ref’d).
        Here, 
the State, in its opening statement, spent considerable time discussing the 
seized computer equipment and the photographs obtained from the equipment. In 
doing so, the State explicitly described the photograph showing C.H. being 
sexually assaulted. Appellant did not object. Next, the State called C.D. to 
testify. C.D. testified that she was aware police had seized appellant’s 
computer equipment and that she had identified photographs obtained from the 
equipment, and still appellant did not object. Appellant did not object when the 
State introduced four photographs obtained from his computer equipment. 
Appellant waited to object until after the State introduced the form on which he 
gave his written consent to search his computer equipment. We hold that 
appellant’s objection was not timely made.
Conclusion
        Because 
appellant did not object before substantial testimony was given regarding the 
alleged illegally seized items, he failed to preserve error for appellate 
review. We overrule appellant’s sole point and affirm the judgment of the 
trial court.
 
  
                                                                  PER 
CURIAM
  
 
PANEL 
F:   LIVINGSTON, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 3, 2005


NOTES
1.  
See Tex. R. App. P. 47.4