JONES v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-115-CR

JOHN WESLEY JONES, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE COUNTY COURT AT LAW OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant John Wesley Jones, Jr. appeals his conviction for criminal trespass.  The jury found him guilty, and the trial court assessed punishment at 365 days’ confinement and a $4,000.00 fine.  The imposition of the jail term and $2,000.00 of the fine were suspended, and Appellant was placed on community supervision for twenty-four months.  In his sole point, Appellant claims that the trial court committed reversible error by admitting extraneous offense testimony regarding his intoxication at the time of the offense.  We affirm.

BACKGROUND

It was undisputed that on the afternoon of August 26, 2001, Appellant entered onto the property of a neighbor, JoAnn Hill, to retrieve his puppy that had wandered onto her property.  Hill testified that at 10:30 p.m. that evening, she was awakened by a loud knocking on the back door, and when she went downstairs with a shotgun, she saw that Appellant had entered her house. According to Hill, Appellant was really angry and accused her of having his dog. Hill called 911 to report the situation and informed the 911 dispatcher that Appellant appeared to be intoxicated.  The 911 tape was played for the jury. Hill testified that while she was on the phone with the dispatcher, Appellant retreated from her home. 

Appellant testified that he never entered Hill’s house, but he did approach Hill’s house three times that evening to inquire about his missing dog.  He testified that on the third time he came to Hill’s house, she answered the door with a shotgun.

Deputy Sheriff Stella James Perkins was dispatched to the location.  When asked by the prosecutor to describe her observations of Appellant, Officer Perkins testified that she smelled alcohol on his breath.  Appellant objected to this testimony as being inadmissible evidence of other crimes, wrongs, or acts under Texas Rule of Evidence 404(b) and as irrelevant under Rule 403.  
See
 
Tex. R. Evid.
 403, 404(b).  The objection was overruled, and Officer Perkins testified she could smell the odor of alcohol coming from his breath and she observed he was unsteady while standing.  She further testified that he had slow, slurred speech and bloodshot, glassy eyes.  The prosecutor then inquired whether the smell of alcoholic beverage was strong, moderate, or light.  Officer Perkins testified that it was moderate.  Finally, the prosecutor asked if Officer Perkins had formed an opinion whether Appellant was intoxicated, based upon her observations, as well as her training and experience as a peace officer.  Officer Perkins responded that in her opinion, Appellant was intoxicated.

EXTRANEOUS OFFENSE EVIDENCE

Appellant complains that the trial court committed reversible error by admitting extraneous offense testimony regarding the intoxication of Appellant at the time of the offense.  The State argues that Appellant failed to preserve error because the same or similar evidence concerning intoxication was introduced without objection several times before and after the ruling on Appellant’s objection. 

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  
An objection must be made as soon as the basis for the objection becomes apparent.  
Tex. R. Evid.
 103(a)(1);
 Lagrone v. State
, 942 S.W.2d 602, 618 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1997); 
Polk v. State
, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  
To preserve error, a party must continue to object each time the objectionable evidence is offered.  
Fuentes v. State
, 991 S.W.2d 267, 273 (Tex. Crim. App.), 
cert. denied,
 528 U.S. 1026 (1999); 
Ethington v. State
, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).  A trial court’s erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling.  
Leday v. State
, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

Appellant complains that Officer Perkins’ testimony regarding his intoxication was inadmissible extraneous offense testimony.  Before Officer Perkins had testified, though, the 911 tape had been admitted into evidence and published to the jury.  Hill’s statement to the 911 dispatcher that Appellant did appear to be intoxicated was clearly audible.  The basis for Appellant’s objection became apparent at the admission of the 911 tape, but Appellant failed to object. 

Furthermore, Appellant did not object to a subsequent question concerning the same matter, nor did he obtain a running objection.  Appellant first objected to Officer Perkins’ testimony that she remembered smelling alcohol on Appellant’s breath.  He made no objection to the prosecutor asking Officer Perkins whether she formed an opinion that Appellant was intoxicated. An error in admission of evidence is cured where the same evidence comes in elsewhere without objection.  
See 
Ethingon
, 819 S.W.2d at 858.
  Thus, because Appellant failed to object to the admission of the other evidence relating to his intoxication, his complaint was not preserved for our review.  Appellant’s sole point is overruled. 

CONCLUSION

Having overruled Appellant’s sole point, we affirm the judgment of the trial court.

PER CURIAM

PANEL F:  HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 29, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.