COURT
OF APPEALS

                  SECOND
DISTRICT OF TEXAS

                           FORT
WORTH

 

 

                                        NO.
2-04-115-CR

 

 

JOHN WESLEY JONES, JR.                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE COUNTY COURT AT LAW OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant John Wesley Jones,
Jr. appeals his conviction for criminal trespass.  The jury found him guilty, and the trial
court assessed punishment at 365 days= confinement and a $4,000.00 fine. 
The imposition of the jail term and $2,000.00 of the fine were
suspended, and Appellant was placed on community supervision for twenty-four
months.  In his sole point, Appellant
claims that the trial court committed reversible error by admitting extraneous
offense testimony regarding his intoxication at the time of the offense.  We affirm.

BACKGROUND

It was undisputed that on the
afternoon of August 26, 2001, Appellant entered onto the property of a
neighbor, JoAnn Hill, to retrieve his puppy that had wandered onto her
property.  Hill testified that at 10:30
p.m. that evening, she was awakened by a loud knocking on the back door, and
when she went downstairs with a shotgun, she saw that Appellant had entered her
house. According to Hill, Appellant was really angry and accused her of having
his dog. Hill called 911 to report the situation and informed the 911
dispatcher that Appellant appeared to be intoxicated.  The 911 tape was played for the jury. Hill
testified that while she was on the phone with the dispatcher, Appellant
retreated from her home. 

Appellant testified that he
never entered Hill=s house, but
he did approach Hill=s house
three times that evening to inquire about his missing dog.  He testified that on the third time he came
to Hill=s house, she answered the door with a shotgun.








Deputy Sheriff Stella James
Perkins was dispatched to the location. 
When asked by the prosecutor to describe her observations of Appellant,
Officer Perkins testified that she smelled alcohol on his breath.  Appellant objected to this testimony as being
inadmissible evidence of other crimes, wrongs, or acts under Texas Rule of
Evidence 404(b) and as irrelevant under Rule 403.  See Tex.
R. Evid. 403, 404(b).  The
objection was overruled, and Officer Perkins testified she could smell the odor
of alcohol coming from his breath and she observed he was unsteady while
standing.  She further testified that he
had slow, slurred speech and bloodshot, glassy eyes.  The prosecutor then inquired whether the
smell of alcoholic beverage was strong, moderate, or light.  Officer Perkins testified that it was
moderate.  Finally, the prosecutor asked
if Officer Perkins had formed an opinion whether Appellant was intoxicated,
based upon her observations, as well as her training and experience as a peace
officer.  Officer Perkins responded that
in her opinion, Appellant was intoxicated.

EXTRANEOUS OFFENSE EVIDENCE

Appellant complains that the
trial court committed reversible error by admitting extraneous offense
testimony regarding the intoxication of Appellant at the time of the
offense.  The State argues that Appellant
failed to preserve error because the same or similar evidence concerning intoxication
was introduced without objection several times before and after the ruling on
Appellant=s objection.









To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g),
cert. denied, 526 U.S. 1070 (1999). 
An objection must be made as soon as the basis for the objection becomes
apparent.  Tex. R. Evid. 103(a)(1); Lagrone v. State, 942 S.W.2d
602, 618 (Tex. Crim. App.), cert. denied, 522 U.S. 917 (1997); Polk
v. State, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  To preserve error, a party must continue to
object each time the objectionable evidence is offered.  Fuentes v. State, 991 S.W.2d 267, 273
(Tex. Crim. App.), cert. denied, 528 U.S. 1026 (1999); Ethington v.
State, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).  A trial court=s erroneous admission of evidence will
not require reversal when other such evidence was received without objection,
either before or after the complained-of ruling.  Leday v. State, 983 S.W.2d 713, 718
(Tex. Crim. App. 1998).








Appellant complains that
Officer Perkins= testimony
regarding his intoxication was inadmissible extraneous offense testimony.  Before Officer Perkins had testified, though,
the 911 tape had been admitted into evidence and published to the jury.  Hill=s statement to the 911 dispatcher that Appellant did appear to be
intoxicated was clearly audible.  The
basis for Appellant=s objection
became apparent at the admission of the 911 tape, but Appellant failed to
object. 

Furthermore, Appellant did
not object to a subsequent question concerning the same matter, nor did he
obtain a running objection.  Appellant
first objected to Officer Perkins= testimony that she remembered smelling alcohol on Appellant=s breath.  He made no objection
to the prosecutor asking Officer Perkins whether she formed an opinion that
Appellant was intoxicated. An error in admission of evidence is cured where the
same evidence comes in elsewhere without objection.  See Ethingon,
819 S.W.2d at 858.  Thus, because Appellant failed to object to
the admission of the other evidence relating to his intoxication, his complaint
was not preserved for our review. 
Appellant=s sole point
is overruled. 

CONCLUSION

Having overruled Appellant=s sole point, we affirm the judgment of the trial court.

PER CURIAM

PANEL F:  HOLMAN, DAUPHINOT, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 29, 2005











[1]See Tex. R. App. P. 47.4.