COURT
OF APPEALS

                  SECOND
DISTRICT OF TEXAS

                           FORT
WORTH

 

 

                                        NO.
2-04-436-CR

 

 

DAVID WILLIAM MILEY                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.
Introduction 

David Miley appeals his 120-day sentence for
driving while intoxicated.  In two points
on appeal, Miley complains that the trial court erred in admitting evidence
from the laser radar gun and in admitting opinion testimony from the detaining
officer regarding the speed that Miley=s
vehicle was traveling. 








II. Background Facts

On May 23, 2002, Officer Gary Wayne Carter of the
Arlington Police Department was working traffic patrol along the access road of
Interstate 20 in Arlington.  Officer
Carter observed a vehicle speeding down the access road. After using a laser
radar gun to verify that Miley was speeding, Officer Carter stopped Miley=s
vehicle.  Carter suspected that Miley was
intoxicated so he radioed for a DWI task-force officer.  After the DWI task-force officer conducted
his investigation, he arrested Miley on suspicion of driving while intoxicated.
Miley was convicted by a jury and the court sentenced him to 120 days=
confinement, probated for one year, and a $600 fine. 

III.
Points








In his first point, Miley argues the trial court
erred in admitting evidence from the laser radar gun because the State did not
lay a proper predicate.  However, Miley=s
objection was untimely and therefore did not preserve error.  In order to complain on appeal that the trial
court erred in admitting improper testimony, the defendant must have presented
to the trial court a timely request, objection, or motion that states the
specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P. 33.1(a)(1);
Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g),
cert. denied, 526 U.S. 1070 (1999). 
To be timely, an objection must be made as soon as the basis for the
objection becomes apparent.  Tex. R. Evid. 103(a)(1); Lagrone v.
State, 942 S.W.2d 602, 618 (Tex. Crim. App.), cert. denied, 522 U.S.
917 (1997); Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App.
1987).  An objection which is made after
the objectionable testimony has been received is untimely, and any potential
error is waived.  Mulder v. State,
707 S.W.2d 908, 917 (Tex. Crim. App. 1986). 


Miley did
not voice an objection to Officer Carter=s testimony regarding his use of the
laser radar gun on Miley=s vehicle until after the testimony was
already in evidence and the officer was questioned on voir dire.  Thus, Miley forfeited his objection to the
laser radar gun evidence by failing to make a timely objection to allegedly
inadmissible testimony at the first opportunity.  Accordingly, we overrule his first point.








In his
second point, Miley claims that the trial court erred in admitting Officer
Carter=s
opinion testimony regarding the speed Miley=s vehicle was traveling because Miley
was not shown to be an expert.  However,
any error in admitting this testimony over objection was forfeited because it
was cumulative of Officer Carter=s un-objected to testimony.  Carter had already testified that he used a
laser radar gun to determine that Miley=s vehicle was speeding.  Thus, Miley was not harmed by the
introduction of the evidence. 
Accordingly, we overrule Miley=s second point.

IV.  Conclusion

Having
overruled both of Miley=s points, we affirm the trial court=s
judgment.

 

 

PER CURIAM

 

PANEL F:   MCCOY, J;
CAYCE, C.J.; and WALKER, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: September 29, 2005

 

 

 

 











[1]See Tex. R. App. P. 47.4.