MILEY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-436-CR

DAVID WILLIAM MILEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.
 Introduction 

David Miley appeals his 120-day sentence for driving while intoxicated.  In two points on appeal, Miley complains that the trial court erred in admitting evidence from the laser radar gun and in admitting opinion testimony from the detaining officer regarding the speed that Miley’s vehicle was traveling. 

II. Background Facts

On May 23, 2002, Officer Gary Wayne Carter of the Arlington Police Department was working traffic patrol along the access road of Interstate 20 in Arlington.  Officer Carter observed a vehicle speeding down the access road. After using a laser radar gun to verify that Miley was speeding, Officer Carter stopped Miley’s vehicle.  Carter suspected that Miley was intoxicated so he radioed for a DWI task-force officer.  After the DWI task-force officer
 conducted his investigation, he arrested Miley on suspicion of driving while intoxicated. Miley was convicted by a jury and the court sentenced him to 120 days’ confinement, probated for one year, and a $600 fine. 

II
I. Points

In his first point, Miley argues the trial court erred in admitting evidence from the laser radar gun because the State did not lay a proper predicate.  However, Miley’s objection was untimely and therefore did not preserve error.  
 In order to complain on appeal that the trial court erred in admitting improper testimony, the defendant must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P. 33.1(
a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  To be timely, 
an objection must be made as soon as the basis for the objection becomes apparent.  
Tex. R. Evid.
 103(a)(1);
 Lagrone v. State
, 942 S.W.2d 602, 618 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1997); 
Polk v. State
, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987). 
 An objection which is made after the objectionable testimony has been received is untimely, and any potential error is waived.  
Mulder v. State
, 707 S.W.2d 908, 917 (Tex. Crim. App. 1986).  

Miley did not voice an objection to Officer Carter’s testimony regarding his use of the laser radar gun on Miley’s vehicle until after the testimony was already in evidence and the officer was questioned on voir dire.  Thus, Miley forfeited his objection to the laser radar gun evidence by failing to make a timely objection to allegedly inadmissible testimony at the first opportunity.  Accordingly, we overrule his first point.

In his second point, Miley claims that the trial court erred in admitting Officer Carter’s opinion testimony regarding the speed Miley’s vehicle was traveling because Miley was not shown to be an expert.  However, any error in admitting this testimony over objection was forfeited because it was cumulative of Officer Carter’s un-objected to testimony.  Carter had already testified that he used a laser radar gun to determine that Miley’s vehicle was speeding.  Thus, Miley was not harmed by the introduction of the evidence.  Accordingly, we overrule Miley’s second point.

IV.  Conclusion

Having overruled both of Miley’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, J; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: September 29, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4
.