COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-052-CR

 

 

ANTOINE DEMONE STEPHENS                                               APPELLANT

A/K/A
ANTOINE STEPHEN                                                                     

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Antoine Demone
Stephens was convicted of first-degree murder and sentenced to sixty years=
confinement.  In one issue, he asserts
that the trial court abused its discretion by admitting evidence of an extraneous
drug offense during the guilt/innocence phase of trial.  We affirm.








The law pertinent to this case is well settled,
and the facts are well known to the parties. 
Latrece Bell, a witness to the shooting, testified that the victim,
Adrian Wingfield, and appellant had grown up together and had been close
friends; appellant was even the godfather of Wingfield=s
children.  Bell testified that the men=s relationship
had changed after appellant had been the victim of a robbery.  Appellant thought that Wingfield had been
involved in the robbery because, on the night that it happened, Wingfield had
left appellant alone just as the robber had approached appellant to rob him.

Fort Worth police officer Jason Dawley also
testified about this robbery.  Officer
Dawley explained, without objection, that at about 3:50 a.m. on April 10, 2006,
he and his partner drove up on two black males assaulting another male on the ground.  Officer Dawley=s
partner chased the assailants, but he was able to apprehend just one of the two
men; the other escaped.  Officer Dawley
stayed behind with the victim, whom he identified as the appellant.








Appellant, his face and shirt covered in blood,
got into his car and tried to leave the scene. Officer Dawley stood at the
driver=s side
door, attempting to convince appellant to stay and wait for medical treatment,
when he noticed a large bag between appellant=s legs
containing what appeared to him to be some type of illegal narcotic as well as a
large amount of cash scattered on the seat. 
Appellant finally agreed to exit the car, and he sat down on the curb
and told Officer Dawley that he had been selling fake drugs to the two men.  When the men found out that the drugs were
fake, they followed him and tried to beat him up for it.  Appellant was then treated for his injuries
and arrested for felony possession of a simulated controlled substance with
intent to deliver.

Before Officer Dawley took the stand at trial,
appellant=s counsel informed the court, 

I believe that the State
is about to get into an extraneous offense with regard to the drugs and the
guns on the beating of April.  The State
and I have already discussed that I=m going to object to any of the physical evidence
with regard to that testimony coming in. 
I don=t have a problem with the
officer testifying, but as far as the physical evidence, I think it is highly
prejudicial at this point.  We=re trying a murder case,
not a drug case. 

 

The trial court refrained from ruling at that point, stating, AI will
rule on that as we go along.  I don=t have
any context to work from right now.@








Officer Dawley then testified, without objection,
that he found the bag appearing to contain illegal narcotics and the cash scattered
on the front seat, as well as a small scale and a .40 caliber loaded magazine
in appellant=s car; a loaded nine millimeter
Glock pistol on the ground outside appellant=s car;
and a loaded .40 caliber Glock pistol on the ground between two nearby
houses.  The State then asked Officer
Dawley whether another officer present at the scene, Officer Rambo, had had a
conversation with appellant that night; Officer Dawley said that he had.  At this point, although the State had not yet
offered the physical evidence, appellant=s
counsel informed the court, AWe are
going to object the objection that we spoke with the Court about earlier that
was perhaps premature, we would like to reiterate that objection at this time.@  The court sustained the objection.

The prosecutor next asked Officer Dawley whether
he had asked Officer Dawley to bring Asome
items@ to
court.  Officer Dawley answered
affirmatively and stated that he had brought a .40 caliber Glock pistol.  Appellant again objected, stating, AYour
Honor, we are going to object to the officer testifying about this because he=s
back-dooring the objection you have already sustained.@  The trial court overruled the objection.  Officer Dawley proceeded to explain that he
had brought the guns, ammunition, drugs, money, and scale that had been found
in and around appellant=s car the night of the beating,
but none of the items was either offered or admitted into evidence.








In his sole issue, appellant argues that the
trial court abused its discretion by admitting evidence of an extraneous
offense over appellant=s objection.  However, the record clearly shows that
appellant objected only to the admission of the physical evidence related to
the extraneous drug-related arrest, not to testimony about it.[2]  Appellant=s
counsel said that she didn=t have a
problem with the officer=s testifying, and her objection
to the physical evidence came only after Officer Dawley had already been
questioned about the items found in the car and had already testified
extensively about the guns, ammunition, drugs, money, and scale that had been
found in and around appellant=s
car.  An objection must be made as soon as the
basis for the objection becomes apparent. 
Tex. R. Evid. 103(a)(1);
Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim. App.), cert. denied,
522 U.S. 917 (1997); Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App.
1987).  Therefore, to the extent
that appellant argues that the trial court should not have allowed this
testimony, any objection to it was untimely, and any error is therefore
unpreserved for our review.  








The trial court sustained appellant=s
objection to the presentation of any physical evidence of the extraneous
arrest, and Officer Dawley=s
testimony about the items he brought with him to courtCto which
appellant objected as Aback-dooring@ the
already-sustained objection to presentation of physical evidenceCwas
merely cumulative of his unobjected-to testimony about the items he had found
in and around appellant=s car the night of the
beating.  Therefore, error, if any, in
the admission of Officer Dawley=s
testimony about the items that he brought to court was harmless.  See Reyes v. State, 84 S.W.3d 633, 638
(Tex. Crim. App. 2002) (finding any error in admission of evidence harmless if
cumulative of evidence admitted elsewhere without objection).  We overrule appellant=s sole
issue and affirm the trial court=s
judgment.  

 

 

PER
CURIAM

 

PANEL F:    MCCOY,
GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: February 21,
2008

 











[1]See Tex. R. App. P. 47.4.





[2]Appellant did object
prior to Officer Dawley=s repeating the
statements that he made to Officer Dawley that night, but his objection was on
the basis of hearsay.  His counsel
reminded the court that they had Aa motion in limine on file with regard to any
extraneouses,@ but appellant did not
object on extraneous-offense grounds.  Merely filing a motion in limine
does not preserve error in the admission of evidence; the party must object
when the evidence is offered at trial.  Wilkerson v. State, 881 S.W.2d 321, 326
(Tex. Crim. App.), cert. denied, 513 U.S. 1060 (1994); Gonzales v.
State, 685 S.W.2d 47, 50 (Tex. Crim. App.), cert. denied, 472 U.S.
1009 (1985).