COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-140-CR

 

 

BEATE ELIZABETH EGERTON                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Beate Elizabeth Egerton appeals her
conviction for misdemeanor driving while intoxicated (ADWI@).  We affirm.

                                            Background








Grapevine Police Officer Wes Spillers saw
Appellant run a stop sign and initiated a traffic stop.  He smelled alcohol on Appellant=s
breath, and her eyes were bloodshot. 
After Appellant failed the horizontal-gaze nystagmus test, the
walk-and-turn test, and the one-leg stand test, Officer Spillers arrested her
for DWI. 

Officer Jimmy Pollozani, a certified Intoxilyzer
operator, administered an  Intoxilyzer
test to Appellant.  Michele O=Neal, a
senior forensic chemist with the Tarrant County Medical Examiner=s Office
and the person responsible for overseeing Intoxilyzer instruments and
operators, testified extensively and without objection about the theory and
operation of the Intoxilyzer 5000.  Upon
review of Appellant=s Intoxilyzer test strip, she
testified that the test was valid. She said that Appellant=s two
breath samples, taken two minutes apart, indicated a blood alcohol
concentration of 0.145 and 0.153. 

A jury convicted Appellant of DWI, and the trial
courtCin
accordance with an agreement between Appellant and the StateCassessed
punishment of a $550 fine and thirty days in jail. 

                            Admission
of Testimony Concerning 

                      Horizontal-Gaze
Nystagmus and Breath Tests

 








In her first two issues, Appellant argues that
the trial court erred (1) by admitting Officer Spiller=s
testimony about Appellant=s performance on the
horizontal-gaze nystagmus test because the State failed to establish that
Officer Spiller had properly conducted the test and (2) by admitting the
results of Appellant=s breath test because O=Neal
could not demonstrate sufficient expertise regarding the scientific theory underlying
the operation of the Intoxilyzer 5000.

To preserve a complaint for our review, a party
must have presented to the trial court a timely request, objection, or motion
that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley v.
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).  An
objection must be made as soon as the basis for the objection becomes
apparent.  Tex. R. Evid. 103(a)(1);
Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim. App.), cert. denied,
522 U.S. 917 (1997); Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App.
1987).

Appellant did not present either of her
evidentiary complaints to the trial court. 
She therefore failed to preserve her complaints for review, and we
overrule her first two issues.

                                      Ineffective
Assistance

In her third issue, Appellant agues that her
trial counsel rendered ineffective assistance by failing to object to the
evidence made the basis of her first two issues.








To establish ineffective assistance of counsel,
appellant must show by a preponderance of the evidence that her counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).

Under the first Strickland prong, review
of counsel=s representation is highly
deferential, and the reviewing court indulges a strong presumption that counsel=s
conduct fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813B14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007). 
As the court of criminal appeals stated in a recent opinion, 








We have consistently observed that usually Athe record on direct
appeal will not be sufficient to show that counsel=s representation was so
deficient and so lacking tactical or strategic decision‑making as to
overcome the strong presumption that counsel=s conduct was reasonable and professional.@  Here, we can only speculate why counsel acted
or failed to act; thus, we presume that counsel=s actions were within the
wide range of reasonable and professional assistance.  We overrule appellant=s ineffective assistance
of counsel points of error.

 

Beatty v. State, No. AP-75010, 2009 WL 619191, at *10 (Tex.
Crim. App. Mar. 11, 2009) (per curiam) (not designated for publication)
(citations omitted).

In this case, Appellant did not file a motion for
new trial or otherwise develop a record concerning the motives behind trial
counsel=s
decision not to object to the testimony in question.  As in Beatty, we can only speculate
why counsel acted or failed to act; thus, we presume counsel=s
actions were within the wide range of reasonable and professional
assistance.  See id.  We overrule Appellant=s
ineffective assistance issue.

                                             Conclusion

Having overruled all of Appellant=s
issues, we affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL: GARDNER, J.;
CAYCE, C.J.; and MCCOY, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 25, 2009











[1]See Tex. R. App. P. 47.4.