# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH



### NO. 2-08-140-CR

BEATE ELIZABETH EGERTON                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

-----------

## FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

Appellant Beate Elizabeth Egerton appeals her conviction for misdemeanor driving while intoxicated ("DWI"). We affirm.

### Background

Grapevine Police Officer Wes Spillers saw Appellant run a stop sign and initiated a traffic stop. He smelled alcohol on Appellant's breath, and her eyes were bloodshot. After Appellant failed the horizontal-gaze nystagmus test, the

---

[1] *See* Tex. R. App. P. 47.4.

walk-and-turn test, and the one-leg stand test, Officer Spillers arrested her for DWI.

Officer Jimmy Pollozani, a certified Intoxilyzer operator, administered an Intoxilyzer test to Appellant. Michele O'Neal, a senior forensic chemist with the Tarrant County Medical Examiner's Office and the person responsible for overseeing Intoxilyzer instruments and operators, testified extensively and without objection about the theory and operation of the Intoxilyzer 5000. Upon review of Appellant's Intoxilyzer test strip, she testified that the test was valid. She said that Appellant's two breath samples, taken two minutes apart, indicated a blood alcohol concentration of 0.145 and 0.153.

A jury convicted Appellant of DWI, and the trial court—in accordance with an agreement between Appellant and the State—assessed punishment of a $550 fine and thirty days in jail.

### Admission of Testimony Concerning
### Horizontal-Gaze Nystagmus and Breath Tests

In her first two issues, Appellant argues that the trial court erred (1) by admitting Officer Spiller's testimony about Appellant's performance on the horizontal-gaze nystagmus test because the State failed to establish that Officer Spiller had properly conducted the test and (2) by admitting the results of Appellant's breath test because O'Neal could not demonstrate sufficient

2

expertise regarding the scientific theory underlying the operation of the Intoxilyzer 5000.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999). An objection must be made as soon as the basis for the objection becomes apparent. Tex. R. Evid. 103(a)(1); *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App.), *cert. denied*, 522 U.S. 917 (1997); *Polk v. State*, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).

Appellant did not present either of her evidentiary complaints to the trial court. She therefore failed to preserve her complaints for review, and we overrule her first two issues.

### Ineffective Assistance

In her third issue, Appellant agues that her trial counsel rendered ineffective assistance by failing to object to the evidence made the basis of her first two issues.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that her counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable

3

probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

Under the first *Strickland* prong, review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). As the court of criminal appeals stated in a recent opinion,

We have consistently observed that usually "the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking tactical or strategic decision-making as to overcome the strong presumption that counsel's conduct was reasonable and professional." Here, we can only speculate why counsel acted or failed to act; thus, we presume that counsel's actions were within the wide range of reasonable and professional assistance. We overrule appellant's ineffective assistance of counsel points of error.

*Beatty v. State*, No. AP-75010, 2009 WL 619191, at *10 (Tex. Crim. App. Mar. 11, 2009) (per curiam) (not designated for publication) (citations omitted).

In this case, Appellant did not file a motion for new trial or otherwise develop a record concerning the motives behind trial counsel's decision not to object to the testimony in question. As in *Beatty*, we can only speculate why counsel acted or failed to act; thus, we presume counsel's actions were within the wide range of reasonable and professional assistance. *See id.* We overrule Appellant's ineffective assistance issue.

## Conclusion

Having overruled all of Appellant's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: GARDNER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 25, 2009

5