

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-331-CR

MICHAEL MCCABE                                                     APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

------------

### FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Michael McCabe appeals his conviction for evading arrest. In three points, McCabe argues that the trial court erred by (1) upholding the jury conviction without requiring the State to prove all elements of the offense, (2) overruling his objection to the introduction of unadjudicated extraneous

---

[1] *See* Tex. R. App. P. 47.4.

offenses, and (3) overruling his objection to the State testifying outside of the record.  We affirm.

## II.  Factual and Procedural Background

Around 2:30 a.m. on May 12, 2007, McCabe drove his four-wheeler on a public street in The Colony past Police Officer Kyle Koiner.  Officer Koiner immediately turned on his lights, activated his siren, and pulled in behind McCabe to stop him for illegally driving a four-wheeler on the street.  McCabe did not stop but continued to drive.  Officer Koiner followed McCabe and at one point his patrol unit was going around seventy-five miles per hour.  During Officer Koiner's pursuit, McCabe ran three stop signs, made several u-turns, drove the wrong way down a one-way street, and eventually hit a curb, rolling his four-wheeler and ejecting him from the vehicle.

When Officer Koiner approached McCabe and told him to get on the ground on his stomach, to put his arms out, and to put his face on the ground, McCabe did not listen.  Only after Officer Koiner had repeatedly yelled the commands, did McCabe comply.  When Officer Koiner came into contact with McCabe he noticed a strong odor of alcohol on McCabe's breath and helmet and observed that McCabe's eyes were red.  After backup arrived, McCabe was handcuffed, placed into Officer Koiner's patrol unit, and transported to jail. While in Officer Koiner's patrol unit, McCabe admitted that he had evaded

2

Officer Koiner, stated that he couldn't believe he was being arrested for riding his four-wheeler drunk on the street, and asked if he could be charged with misdemeanor evading as opposed to felony evading.

The State charged McCabe with the state jail felony offense of evading arrest. The indictment included two enhancement paragraphs: one for an October 22, 2003 conviction, for possession of a controlled substance, and the other for a January 21, 2005 conviction, for possession of a controlled substance. McCabe pleaded not guilty to the offense of evading arrest but pleaded true to both enhancement paragraphs. After a trial on the merits, a jury found McCabe guilty of evading arrest.

During the punishment phase of trial, the State questioned McCabe's probation officer regarding outstanding charges against McCabe in Florida. McCabe timely objected on relevance grounds, and the trial court overruled the objection. During the State's closing arguments, the State said, "[B]ut for the Grace of God, we don't have a pedestrian or a car accident as a result of this evading." McCabe objected to the State's argument on relevance grounds, stating that any relevance would be substantially outweighed by the danger of prejudice. The trial court overruled McCabe's objection. The jury assessed punishment at five years' confinement and a fine of $5,000; the trial court sentenced McCabe accordingly. This appeal followed.

3

### III. Felony Offense of Evading Arrest

In his first point, McCabe asserts that the trial court erred by upholding the jury conviction for third-degree felony evading arrest as alleged in the indictment because the State failed to prove all the elements of the offense. Specifically, McCabe argues that the evidence is legally insufficient to support his conviction because the State failed to prove that he had a prior conviction for evading arrest.

The crux of McCabe's argument rests on his assertion that the trial court charged him with a third-degree felony under section 38.04(b)(2)(A) of the penal code, which requires proof that a vehicle was used while fleeing a peace officer *and* proof of a prior conviction for evading arrest. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A) (Vernon Supp. 2009). However, the indictment charged McCabe as follows:

> MICHAEL MCCABE . . . did then and there, while using a vehicle, intentionally flee from Kyle Koiner, a person the defendant knew was a peace officer who was attempting lawfully to arrest or detain the defendant;

> ENHANCEMENT PARAGRAPHS

> And it is further presented in and to said Court that before the commission of the offense alleged above, on the 22nd day of October, 2003, in cause number 0860267D, in Tarrant County, Texas, the defendant was convicted of the felony offense of Possession of a Controlled Substance in Criminal District Court No. 4;

4

And it is further presented in and to said Court that before the commission of the offense alleged in the first paragraph above the defendant was convicted of the offense of Possession of a Controlled Substance on the 21st day of January, 2005 in Tarrant Country, Texas, in cause number 0947576D, in the Criminal District Court No. 1.

And, the trial court gave the following charge to the jury:

The defendant, MICHAEL MCCABE, stands charged by indictment with the offense of Evading Arrest, alleged to have been committed in Denton County, Texas, on or about the 12th day of May 2007. To this charge the defendant has pleaded not guilty.

Our law provides that a person commits the offense of Evading Arrest, if the person while using a vehicle intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him.

Neither the indictment nor the charge include a sentence requiring proof of a prior conviction for evading arrest. Thus, it is clear from the language in the indictment and the jury charge that McCabe was not charged with a third-degree felony under section 38.04(b)(2)(A) of the penal code. Instead, McCabe was charged with a state jail felony under section 38.04(b)(1) of the penal code. *See id.* § 38.04(b)(1)(B) (requiring only proof that a vehicle was used in the flight from a peace officer). And his punishment was subsequently enhanced by the two prior state jail felonies to which he had pleaded true. *See id.* § 12.42(a)(1) (Vernon Supp. 2009) (declaring that a state jail felony is enhanced to a third-degree felony "[i]f it is shown on the trial of a state jail

5

felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies").

Therefore, because McCabe's sufficiency challenge rests solely on the ground that the State failed to prove that he had a prior conviction for evading arrest, and because we conclude McCabe was charged under section 38.04(b)(1), which does not require proof of a prior conviction for evading arrest, we overrule McCabe's first point.

## IV. Unadjudicated Offenses

McCabe argues in his second point that the trial court erred when it overruled his objection to testimony regarding unadjudicated offenses during the punishment phase of trial. Specifically, McCabe complains that the trial court erred by allowing the State to elicit testimony from two character witnesses regarding McCabe's unadjudicated offenses in Florida.

However, a complaining party must first preserve his complaint for our review; that is, he must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly

6

or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

Additionally, an objection must be made as soon as the basis for the objection becomes apparent. Tex. R. Evid. 103(a)(1); *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App.), *cert. denied*, 522 U.S. 917 (1997); *Polk v. State*, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987). And to preserve error, a party must continue to object each time the objectionable evidence is offered. *Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App.), *cert. denied,* 528 U.S. 1026 (1999); *Ethington v. State*, 819 S.W.2d 854, 858–59 (Tex. Crim. App. 1991). A trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Johnson v. State*, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), *cert. denied*, 501 U.S. 1259 (1991), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681 (Tex. Crim. App. 1991). This rule applies whether the other evidence was introduced by the defendant or the State. *Leday*, 983 S.W.2d at 718.

The following evidence was admitted *with* objection during the punishment phase of trial.

7

Cross Examination (McCabe's Probation Officer)

Q. Now, Ms. Bennett, when you supervise [your parolees], do you talk with them?

A. Yes, ma'am.

Q. And is one of the things that you go over, especially when they're first on your case load, their criminal history?

A. Yes, ma'am.

Q. And the defendant has a very extensive criminal history. Is that correct?

A. Yes, ma'am.

Q. All right. And as a matter of fact, he also has some outstanding charges in Florida that he told you about. Isn't that correct?

A. Yes, ma'am.

[Defendant]: Objection. Relevance, Judge.

[The Court]: Overruled.

Q. And is that for a felony possession of heroin and a misdemeanor possession of drug paraphernalia?

A. Yes, ma'am.

Q. Okay. And as far as you know, to this day does he still have an outstanding warrant for those?

A. Yes, he does.

The following evidence was admitted *without* objection during the punishment phase of trial.

Cross Examination (McCabe's Mother)

Q. Are you aware of his current outstanding warrant out of Florida for felony charges and misdemeanor charges?

A. I don't know what type of charges, misdemeanor or felony. I'm aware of the charges out of Florida, yes. They happened a long time ago.

Q. But he still hasn't taken care of them. Isn't that correct?

A. Not yet.

Although McCabe timely objected to the State's first line of questions pertaining to his unadjudicated offenses in Florida, McCabe did not continue to object to the State's subsequent questions regarding the same unadjudicated offenses. Consequently, McCabe failed to preserve this issue for review. *See Fuentes*, 991 S.W.2d at 273. Accordingly, we overrule his second point.

### V. Closing Argument

In his third and final point, McCabe contends that the trial court erred by overruling his objection to the State's closing argument during the punishment phase of trial. In particular, McCabe complains of the following statement by the State: "But for the Grace of God, we don't have a pedestrian or a car accident as a result of this evading."

The law provides for and presumes a fair trial free from improper argument by the State. *Long v. State*, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991). Proper jury argument encompasses one of the following: (1) an answer to the opposing counsel's argument; (2) a summation of the evidence presented at trial; (3) a reasonable deduction drawn from that evidence; or (4) a plea for law enforcement. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). To determine whether a party's argument falls within one of these categories, we must consider the argument in light of the entire record and consider the remarks within the context in which they appear. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); *Sandoval v. State*, 52 S.W.3d 851, 857 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd).

Here, the record shows that McCabe, while evading Officer Koiner, ran three stop signs, made several u-turns, drove the wrong way down a one-way street, hit a curb, and rolled his four-wheeler. During closing argument, defense counsel argued,

> . . . I want you all to please remember the big picture, that we're not here on a murder case, like the State would have you believe. We're here on an evading on a four-wheeler case. This is not the crime of the century. This is somebody who was intoxicated and did something stupid that happened to be a felony.

On appeal, the State contends the complained-of comment was proper because it was a reasonable deduction from the evidence and aimed at

10

answering defense counsel's argument, namely correcting defense counsel's statement's as to the gravity of the offense. We agree.

It is well-settled that a prosecutor may answer the jury argument of opposing counsel provided that the response does not exceed the scope of the invitation. *See Andujo v. State*, 755 S.W.2d 138, 144 (Tex. Crim. App. 1988). And, based on the evidence, it was a reasonable deduction that McCabe's actions could lead to someone being hurt. *See Felder v. State*, 848 S.W.2d 85, 95 (Tex. Crim. App. 1992). Thus, the prosecutor's statement did not inject any new or harmful facts and was proper jury argument. *See Howard v. State*, 153 S.W.3d 382, 385 (Tex. Crim. App. 2004). Accordingly, we overrule McCabe's third point.

## VI. Conclusion

Having overruled all three of McCabe's points, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL: LIVINGSTON, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 12, 2009

11