# NO. 12-14-00176-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TRENT DURELL MUMPHREY,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Trent Durell Mumphrey appeals his conviction for aggravated robbery, for which he was sentenced to imprisonment for life. In two issues, Appellant argues that the jury charge was improper and that the trial court erroneously admitted evidence of extraneous offenses. We affirm.

### BACKGROUND

One evening, two men arrived at the home of Dasha Webb, Gabriel Wade, and Ravin Johnson. When Johnson answered the door, the men asked to purchase drugs. Johnson told the men that he did not sell drugs, and they left.

A short time later, Johnson left the house. The two men soon returned with a third man, knocked down the front door, and stormed into the house. They threatened to shoot Webb unless he gave them drugs and money. Two of the men struggled with Webb and shot him multiple times. At one point, Webb was able to escape the house, but one of the men shot him in the spine, paralyzing him. Webb later identified Appellant and Kendryon Smith as his attackers.

Appellant was charged alternatively as the primary actor and as a party to the offense. The matter proceeded to trial, and the jury returned a verdict of "guilty" and a finding that Appellant used or exhibited a deadly weapon during the commission of the offense or during immediate flight from committing it. The jury assessed Appellant's punishment at imprisonment for life. This appeal followed.

In his first issue, Appellant complains that he was deprived of his right to a unanimous verdict because the jury charge failed to require that the jury agree unanimously whether Appellant acted as the primary actor or as a party.

## Standard of Review

The review of an alleged jury charge error in a criminal trial is a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, an appellate court must determine whether there was error in the jury charge. *Id.* Then, if there is charge error, the court must determine whether there is sufficient harm to require reversal. *Id.* at 731-32. The standard for determining whether there is sufficient harm to require reversal depends on whether the appellant objected to the error at trial. *Id.* at 732.

If the appellant objected to the error, the appellate court must reverse the trial court's judgment if the error "is calculated to injure the rights of the defendant." TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006). This means no more than that there must be some harm to the accused from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). An appellant who did not raise the error at trial can prevail only if the error is so egregious and created such harm that he has not had a fair and impartial trial. *Id.* "In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*

## Applicable Law

Texas law requires a unanimous jury verdict in criminal cases. TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2015); *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). When the state charges different criminal acts, regardless of whether those acts constitute violations of the same or different statutory provisions, the jury must be instructed that it cannot return a guilty verdict unless it unanimously agrees upon the commission of any one of the criminal acts. *Francis v. State*, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000). This requirement applies to the elements of an offense, and the jury need not agree on all the "underlying brute facts [that] make up a particular element." *Richardson v. United States*, 526 U.S. 813, 817, 119 S. Ct. 1707, 1710, 143 L. Ed. 2d 985 (1999).

A jury need not be unanimous as to whether a defendant was guilty as a principal actor or as a party to the offense, and there is no error based on a jury charge that does not require a jury to

specify under which of these theories of criminal responsibility it found the defendant liable. ***Leza v. State***, 351 S.W.3d 344, 355-56 (Tex. Crim. App. 2011). So long as there is legally sufficient evidence that a defendant is guilty of every constituent element of the alleged penal offense, either as a principal actor or under some theory of party liability, a jury may find the defendant guilty without determining, or agreeing upon, the defendant's precise role in the offense. *Id.* at 357.

## Application

Appellant acknowledges that the court of criminal appeals has explicitly held unanimity of jurors is not required regarding a defendant's status as a primary actor or party to an offense. *See id.* But he cites as "contrasting" authority other opinions in which the court of criminal appeals has required a unanimous verdict. *See **Pizzo v. State***, 235 S.W.3d 711, 714 (Tex. Crim. App. 2007); ***Ngo***, 175 S.W.3d at 745. These opinions, however, do not conflict with the court's opinion in ***Leza*** because they do not address the issue of unanimity regarding a defendant's status as a primary actor or party. *See id.* Thus, we follow the rule in ***Leza***. *See **Leza***, 351 S.W.3d at 355-56.

Here, the trial court's charge required the jury to unanimously agree to the elements of the aggravated robbery offense, but did not require unanimity as to whether Appellant was the primary actor or was responsible as a party to the offense. The trial court correctly charged the jury. *See id.* at 357-58 (no error where charge failed to require unanimity regarding defendant's precise role in offense). Accordingly, we overrule Appellant's first issue.

**ADMISSIBILITY OF EVIDENCE**

In his second issue, Appellant contends that the trial court erred in admitting evidence of extraneous offenses alleged to have been committed by him because the State did not prove his commission of the offenses beyond a reasonable doubt. Specifically, Appellant contends that it was error to admit evidence that he was arrested for burglary of a vehicle and forgery.

## Waiver

To preserve error in the admissibility of evidence, a defendant must lodge a timely and specific objection. *See **Martinez v. State***, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000); *see also* TEX. R. APP. P. 33.1(a). For the objection to be considered timely, it must be lodged at the earliest opportunity or as soon as the ground for the objection becomes apparent. *See **Polk v. State***, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987). Failure to object in such a timely fashion signals a willingness to allow the evidence despite its objectionable nature. *Id.* at 754. When an accused fails to timely object, the state is entitled to rely on that apparent willingness as it proceeds to

3

marshal the remainder of its evidence in presenting its case to the fact finder. *Id.* In essence, what is at work is a kind of estoppel notion: an accused will not be heard retroactively to complain of the admission of evidence that he was apparently content to have admitted at the time. *Id.*

## Analysis

During the punishment phase of the trial, defense counsel called Appellant's mother, Patricia Mumphrey, as a witness. On direct examination, Mumphrey testified that Appellant was not a violent, bad person, but rather a good person who has helped people. She further testified that he had a prior conviction and spent time in a substance abuse felony punishment facility. Mumphrey claimed that Appellant had nothing to do with the aggravated robbery of Webb.

On cross-examination, Mumphrey agreed that she was in Appellant's life when he was arrested for burglary of a vehicle as a juvenile, when his probation was revoked and he went to prison, and when he was arrested for forgery. Appellant did not object to any of these questions.

Because Appellant failed to object to the State's questions regarding Appellant's previous arrests for burglary of a vehicle and forgery, Appellant waived any error. *See Martinez*, 22 S.W.3d at 507; *see also* TEX. R. APP. P. 33.1(a). Accordingly, we overrule Appellant's second issue.

### DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the judgment of the trial court.

BRIAN HOYLE
Justice

Opinion delivered May 27, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 27, 2016**

**NO. 12-14-00176-CR**

**TRENT DURELL MUMPHREY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0005-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*